IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOE A. BARNETT, | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 3:10-CV-83 (CAR) |
| v. | : | |
| ATHENS REGIONAL MEDICAL CENTER, INC., | : | |
| Defendant. | : | |

## ORDER STRIKING PROVISION OF PROTECTIVE ORDER

Currently before the Court is Plaintiff's Motion for Reconsideration [Doc. 22] asking this Court to strike that portion of the Protective Order [Doc. 21] "that requires parties to file any documents, motions, responses or briefs, under seal, whether stamped confidential or otherwise, used in conjunction with dispositive motions." [Doc. 22, p. 5]. For the reasons stated below, Plaintiff's Motion [Doc. 22] is **GRANTED**.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal citations and quotation marks omitted). This includes the right to inspect and copy public records and documents. Id. There is a distinction, however, between material filed in connection with discovery and material filed in connection with substantive motions: "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material

filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]" Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001). The need for public access to discovery is low because discovery is "essentially a private process . . . the sole purpose [of which] is to assist trial preparation." United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986). The need for public access to material filed in connection with substantive motions, however, is higher. See Romero, 480 F.3d at 1245 (11th Cir. 2007) ("Material filed in connection any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access.").

The public's right of access, however, is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." Chicago Tribune, 263 F.3d at 1309. The Eleventh Circuit has identified several factors a court may use to determine whether documents should be placed under seal. See id. Thus, in order to seal material filed with dispositive motions, a party must establish "good cause."

Under the Protective Order in this case, any material deemed "confidential" by a party, even material filed in conjunction with dispositive motions, is presumptively sealed. While this is acceptable for discovery material, it is improper for material filed in connection with substantive motions. Because the public has a presumptive right to access material filed in connection with substantive motions that may only be overcome by a showing of good cause, the burden to establish good cause for sealing a document should be on the party requesting the material be sealed, not the party requesting material be made public. Thus, the Court hereby STRIKES those portions of the Protective Order presumptively sealing material filed in connection with substantive motions. A party seeking to seal material filed in connection with

substantive motions in this case must first seek this Court's permission, generally describing the confidential material and setting forth the necessity for its placement under seal. The parties are hereby **DIRECTED** to file a joint amended protective order in accordance with this Order within five (5) days of the date of this Order.

**SO ORDERED**, this 15th day of July, 2011.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

SSH